**Steve MATHIS and Mary Mathis, Plaintiffs**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, defendant.**

**Civil Action No. 3:97–cv–386WS.**

United States District Court, S.D. Mississippi, Jackson Division.

July 9, 1997.

Barry W. Gilmer, Gilmer Law Firm, Jackson, MS, for plaintiffs.

Alan C. Goodman, Williams, Jelliffe & Arnold, Ridgeland, MS, for defendant.

### ORDER

WINGATE, District Judge.

Before the court is plaintiffs' motion to remand this lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi. According to the plaintiffs, this court lacks subject matter jurisdiction over this lawsuit because, contrary to defendant's representations, the parties to this action are not of diverse citizenship as required by Title 28 U.S.C. § 1332.[1] Defendant opposes the motion.

The parties here are plaintiffs Steve Mathis and Mary Mathis and defendant United States Fidelity and Guaranty Company. On or about August 5, 1994, plaintiffs were involved in an automobile accident with an uninsured/underinsured motorist. Claiming injuries, plaintiffs filed a claim against their insurance company, the defendant herein, under the uninsured/underinsured motorist provision of the policy. Aggrieved with the defendant's handling of their claim, plaintiffs filed this civil action on May 13, 1997, in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Thereafter, on June 2, 1997, the defendant filed its Notice of

---

1. Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States; . . .

Removal pursuant to Title 28 U.S.C. § 1441(a).[2]

Plaintiffs now attack that removal, contending that defendant has failed to show it to be of diverse citizenship to that of plaintiffs. In their Motion to Remand, plaintiffs state:

The above captioned civil action involves citizens of the same state. The Plaintiffs reside in Clay County, Mississippi. The Defendant claims in its Notice of Removal that it is a foreign corporation organized and existing by virtue of the laws of the State of Maryland with its principal place of business in Maryland. The Defendant claims that USF & G of Maryland wrote the policy of insurance which provided coverage for the Plaintiffs and which is the subject of this civil action. The Defendant did not produce any documentation which supports said allegation in its Notice of Removal.

In its response to plaintiffs' motion to remand, the defendant has produced documentation certifying its status as a foreign corporation. Attached to defendant's response is a Certificate of Good Standing given under seal by the Commissioner of Insurance. The document recites:

I, George Dale, Commissioner of Insurance, of the State of Mississippi, do hereby certify that United States Fidelity and Guaranty Company was organized under the laws of the State of Maryland, with home office located in Baltimore, Maryland, was admitted to the State of Mississippi prior to March, 1903, has complied with all statutory requirements of the Mississippi insurance laws, and is presently licensed until June 1, 1998, according to the records of the Mississippi Insurance Department.

Plaintiffs do not challenge the authenticity of the document, nor the Insurance Commissioner's authority to issue it.[3]

Therefore, based upon the foregoing, this court finds that this matter involves citizens of different states[4] and as such that defendant's removal was proper under Title 28 U.S.C. § 1441(a). Accordingly, plaintiffs' motion to remand is denied.

---

2. Title 28 U.S.C. § 1441(a) states:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

3. Section 83–21–1 of the Mississippi Code Annotated states in pertinent part:

No foreign insurance, indemnity or guaranty company or other insurer shall be admitted and authorized to do business in this state until:
(e) It shall obtain from the commissioner a certificate that it has complied with the laws of the state and is authorized to make contracts of insurance.

4. Title 28 U.S.C. § 1332 also requires an amount-in-controversy in excess of $75,000.00, a prerequisite not here attacked by plaintiffs.